Jasen, J. (dissenting in part).
I am in full agreement with the court’s holding that the Stavisky-Goodman Law was validly enacted into statute over the Governor’s veto. Further, the statute is a valid exercise of the Legislature’s broad constitutional authority to provide for the maintenance and support of public schools throughout the State, a traditional duty and power which was not in the slightest diminished by the later constitutional grant of local home rule. (NY Const, art XI, § 1; art IX, § 3, subd [a], par [1].) The Stavisky-Goodman Law, like most enactments of substance, is not without its critics. There are those who question the wisdom of the policy choice it embodies. But such arguments are not appropriately considered in this forum. Ultimate constitutionality should not depend on whether we, or any four of us, think the statute wise and agree with its policy. We should be guided not by policy preferences, but by sound principles of constitutional interpretation. Mindful of the limited role of the neutral courts and with due regard for the Legislature’s province in the resolution of governmental issues, I agree with the court that the statute does not violate the provisions of the State Constitution.
Nevertheless, the question still remains whether the plaintiff, who seeks the benefits of the statute, has sufficiently complied with its terms to entitle it to recover under it for the *546 1976-1977 fiscal year. It is here that I part company with the majority. While the court seemingly would apply the statute to the present fiscal year, I would not.
The City of New York operates under a fiscal year which commences on July 1 of each year and terminates on the ensuing June 30. (New York City Charter, § 110.) It has long been provided that in cities with a population of one million or more, the Board of Education for such city shall prepare an itemized estimate for the amount of money necessary to fulfill its purposes for the ensuing fiscal year and shall file the estimate with the Mayor of the city on or before the first day of September. (Education Law, § 2576, subds 1, 5.) The Stavisky-Goodman Law requires that if the estimate requests an amount equal to or less than the average appropriation for the previous three fiscal years, such request must be honored by the city. (Education Law, § 2576, as amd by L 1976, ch 132.)
Although plaintiff Board of Education would reap the benefit of the Stavisky-Goodman Law, it has not complied with its terms. The board did not submit its estimate on or before September 1, 1975, the time limited for the estimate of fiscal year 1976-1977 expenditures. Hence, the time for the submission of a proper estimate had already lapsed before the Stavisky-Goodman Law even became effective. Although the Legislature directed that the statute take effect immediately (April 13, 1976), the law was explicitly made retroactive only to February 1, 1976. (L 1976, ch 132, § 2.) Nor did the Legislature alter, or extend, or even eliminate, as it might have, the time period for filing the required estimate. Hence, the board’s failure to file a timely estimate for the 1976-1977 fiscal year was specifically left untouched by the Legislature’s action.
Now that the Legislature has amended section 2576 of the Education Law to insulate the Board of Education from budgetary cutbacks, the board seeks to be relieved of its duty to comply with the other provisions of the same statute. The board argues that the city never before required or requested it to comply. Yet the city never previously had as much need for advance notice of the size of the board’s requested funding. With the enactment of the 1976 amendment, the amount the city may budget for its other operations depends on the size of the education request from the board. Proper filing in September, as required by statute, gives the city ample opportunity to adjust its level of expenditures so that it may comply with and fulfill the board’s estimate. Certainly the board had no vested *547 right to expect that the city would always forgive the board’s own persistent violation of statute. The practical construction urged by the board amounts to no more than frequent but tolerated statutory violations. This kind of practice cannot work to impliedly repeal an enactment of the Legislature. (See Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, 10.) In short, the board would have it both ways. The city must comply with the technical requirements of section 2576, but the board need not. I find such an approach to be unreasonable.
Of crucial importance is the fact that the city’s current fiscal year has but three months left to run. The board would have the city suddenly revise its nearly completed financial program for this fiscal year. This also, in my view, is unreasonable. The city, in good faith, challenged the constitutionality of the statute. Nothing happened in the courts below that would have given the city notice that its challenge was devoid of substance. Indeed, the issue is decided here only by a divided court. City government is presently attempting to fund its budget for the next fiscal year, 1977-1978, for which, presumably, the board filed a timely estimate. The city should not be required, as the board would have it, to drastically alter its present financial arrangements. Significantly, the time remaining in the school year is also short. Since the city will require time to revise its budget and locate funds, the school year will be virtually complete before any additional funds are received by the board. The children of the city, who are the ultimate beneficiaries of the Stavisky-Goodman Law, will not be benefited by an unnecessarily sudden and dramatic application of the statute.
Accordingly, I would modify the order of the Appellate Division to declare the Stavisky-Goodman Law constitutional and would affirm the order as modified.